**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EVELYN NAJERA-RODRIGUEZ, | No. 2:26-cv-04123 (MEF) |
| *Petitioner*, | |
| v. | **ORDER** |
| LUIS SOTO, in his capacity as Director/Warden of Delaney Hall Detention Facility et al., | |
| *Respondents*. | |

The Petitioner[1] has been in immigration custody since April 7, 2026.  See Petition for Writ of Habeas Corpus ("Petition") (ECF 1) ¶ 3.  On April 17, she filed a habeas corpus petition alongside a letter from her treating physician stating that if the Petitioner is not treated with two prescription medications, she is at risk of "end stage renal failure requiring permanent dialysis and/or death."  Treating Physician Letter (ECF 1-1).

The petition was received at 7:57pm on April 17.  At 8:37pm, the Court issued a text order directing the Respondents to file a letter, or letters, on or before April 18 "indicating in as much detail as possible whether the Petitioner has been receiving appropriate medication," and "[i]f the Petitioner has not been receiving appropriate medication, . . . explain[ing] why the Petitioner should not be immediately released from custody, subject to any appropriate conditions."  04/17/2026 Text Order (ECF 3).

The Respondents filed two letters on April 18 that indicated that the facility the Petitioner is being detained at,[2] among other things, does not have one of the medications.  See Second Letter Re: Petitioner's Bond Hearing and Medication ("Respondents' Letter") (ECF 9) at 1-2.  The last of these letters came in approximately two hours ago.

Given the risk to the Petitioner as described by her treating

---

[1]  Evelyn Najera-Rodriguez.
[2]  Delaney Hall.

physician, of renal failure and/or death without prompt access to her medication, see Treating Physician's Letter, the Court orders the Petitioner released from custody.  See Transcript of Oral Argument at 16-17, Khalil v. Joyce, No. 25-01963 (D.N.J. June 20, 2025) (ECF 330).  This is an "extraordinary circumstance," and the Petitioner is being bailed.  See generally id.; Christian A.R. v. Decker, 453 F. Supp. 3d. 670, 682, 689-90 (D.N.J. 2020) (citing Lucas v. Hadden, 790 F.32d 365 (3d. Cir. 1986)); Guzman v. Bondi, 2026 WL 594091, at *1 n.1 (D.N.J. Mar. 3, 2026) (collecting cases relying on Lucas for the authority to grant bail to a habeas petitioner "prior to a ruling on the merits of the petition where extraordinary circumstances are present") (internal quotation marks omitted).

The purpose of the Petitioner's release on bail is to allow her to receive necessary medication.

Therefore, the Petitioner shall only be released after a subsequent court order.  That subsequent court order will be issued immediately after the Petitioner files a letter on the docket indicating that, upon release, she will immediately go to a medical professional who will immediately provide her with the relevant medication.  The letter shall also state the name of the medical professional and the location where he or she practices.

There will also be another term of this bail-release order: The Petitioner, following receipt of the medication, must immediately and directly return to the relevant ICE detention facility.

IT IS on this 18th day of April, 2026, so **ORDERED.**

**s/ Michael E. Farbiarz**

_____
Michael E. Farbiarz, U.S.D.J.

2