**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

EVELYN NAJERA-RODRIGUEZ,

   *Petitioner,*

  v.

LUIS SOTO, in his official
capacity as Director/Warden of
Delaney Hall Detention Facility
et al.,

   *Respondents.*

No. 26-cv-04123 (MEF)

**OPINION and ORDER**

\* \* \*

For purposes of this brief Opinion and Order, the Court largely
assumes familiarity with the facts and procedural history of
this case, as well as the Court's prior opinion at Najera-
Rodriguez v. Soto, 2026 WL 1123570 (D.N.J. Apr. 18, 2026).

\* \* \*

The Petitioner[1] is a non-citizen who was detained by federal
immigration officials and then sought release via a habeas
corpus petition. See Petition for Writ of Habeas Corpus
("Petition") (ECF 1) ¶¶ 3, 10.

The petition claimed that release was warranted because her
detention was unlawful --- in part because it violated the
Immigration and Nationality Act. See Petition ¶¶ 111-14.

And the petition also pressed a separate claim --- that
immediate release was warranted, to "access the treatment and
care" needed to treat "life-threatening" medical conditions that
posed "a substantial risk of harm or death." Id. ¶¶ 108-110.
On this point, the petition was backed up by a letter from the
Petitioner's doctor, which said that if the Petitioner were not
treated with two particular medications, she was at risk of "end

---

[1] Evelyn Najera-Rodriguez.

stage renal failure requiring permanent dialysis, and/or death." Treating Physician Letter (ECF 1-1).

The petition came in on a Friday evening at 7:38pm.  See Petition (HTML Version).  In response, the Court issued orders at 8:39pm and 8:41pm.  See 04/17/2026 Text Order (ECF 2) (HTML Version); 04/17/2026 Text Order (ECF 3) (HTML Version).

The first order, among other things, directed the Respondents to provide the Petitioner with an immigration-court bond hearing, unless her case was distinguishable from a set of precedents --- the core of which have been embraced, across the board, by each judge of this district.  See 04/17/2026 Text Order (ECF 2); see also Y.Z. v. Soto, 812 F. Supp. 3d 459, 463-64 (D.N.J. 2025).

Under those precedents, people in the Petitioner's position are not subject to mandatory detention under the Immigration and Nationality Act, as the Respondents have maintained.  See id. Rather, they must get an immigration-court bond hearing.  See id. at 464.

The second order directed the Respondents to file materials the next day --- "indicating in as much detail as possible whether the Petitioner ha[d] been receiving appropriate medication," and "[i]f the Petitioner ha[d] not been receiving appropriate medication, . . . explain[ing] why the Petitioner should not be immediately released from custody, subject to any appropriate conditions."  04/17/2026 Text Order (ECF 3).

*    *    *

The next day, the Respondents explained that the facility where the Petitioner was being held did not have one of the medications she needed.  See Respondents' Second Letter at 1 ("ICE advises that this medication was not available when Petitioner arrived at Delaney Hall.  ICE further advises that it was promptly ordered, but it has not yet arrived and is therefore not available to administer to Petitioner.").

And the Respondents noted that "ICE ha[d] informed [the United States Attorney's Office] that ICE w[ould] not release [the] Petitioner at th[at] time because detention [wa]s mandatory,[2]

_____

[2]  Apparently under the statutory interpretation alluded to above.

. . . and ICE [wa]s working on scheduling a bond hearing . . . under the Court's order."  Id. at 2.

Two hours after this letter came in, the Court "order[ed] the Petitioner released from custody" for the limited purpose of "allow[ing] her to receive necessary medication."  Najera-Rodriguez, 2026 WL 1123570, at *1.

The order was issued in light of "the risk to the Petitioner as described by her treating physician, of renal failure and/or death without prompt access to her medication."  Id.

The Petitioner received the necessary medical treatment; an immigration-court bail hearing was held; and the immigration judge ordered the Petitioner released on bond.  See Petitioner's 04/21/2026 Letter (ECF 21) at 1; 05/05/2026 Letter (ECF 30) at 1.

*     *     *

The Petitioner has now applied for attorney's fees and costs under the Equal Access to Justice Act ("EAJA").  See Notice of Petitioner's Motion for Attorneys' Fees (ECF 32); 28 U.S.C. § 2412(d).

Her application is before the Court.

*     *     *

Under the EAJA, "[a] federal court is required to award the prevailing party its fees and other expenses incurred in any civil action [against the United States or any agency or official of the United States acting in his or her official capacity], unless the court concludes that the Government's position in all phases of the litigation 'was substantially justified or that special circumstances make an award unjust.'" Patel v. Att'y Gen. of the U.S., 426 F. App'x 116, 117 (3d Cir. 2011) (quoting 28 U.S.C. § 2412(d)(1)(A)); see also 28 U.S.C. § 2412(d)(2)(C).

Here, the parties' disagreement is as to whether the Respondents' "position" was "substantially justified."  Id.

The Respondents bear the burden of showing that it was. Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 433 (3d Cir. 2026).  And "'[i]n immigration cases, the Government must meet the substantially justified test twice': once for its underlying conduct and once for its decisions in

3

the ensuing litigation about that conduct." <u>Id</u>. (quoting <u>Johnson</u> v. <u>Gonzales</u>, 416 F.3d 205, 210 (3d Cir. 2026)).

*    *    *

In support of her motion for fees, the Petitioner presses two main arguments.

<u>First</u>, that the Respondents were not justified in arguing that a certain provision of the Immigration and Nationality Act[3] applied to her, in light of the uniform views on this matter expressed by the judges of this district. <u>See</u> Memorandum of Law in Support of Petitioner's Application for Attorneys' Fees Under the Equal Access to Justice Act ("Petitioner's Brief") (ECF 32-1) at 7-8.

But "[a] position is substantially justified if it is 'justified to a degree that could satisfy a reasonable person.'" <u>Patel</u>, 426 F. App'x at 117 n. 4 (quoting <u>Pierce</u> v. <u>Underwood</u>, 487 U.S. 552, 565 (1988)).

And the Respondents' views here get support from two recent federal appellate decisions. <u>See</u> <u>Buenrostro-Mendez</u> v. <u>Bondi</u>, 166 F.4th 494, 508 (5th Cir. 2026); <u>Avila</u> v. <u>Bondi</u>, 170 F.4th 1128, 1138 (8th Cir. 2026).

Other courts of appeals have leaned the other way. <u>See</u> <u>Barbosa da Cunha</u> v. <u>Freden</u>, 175 F.4th 61, 96 (2d Cir. 2026); <u>Hernandez Alvarez</u> v. <u>Warden</u>, 175 F.4th 1258, 1285 (11th Cir. 2026); <u>Lopez-Campos</u> v. <u>Raycraft</u>, 175 F.4th 713, 735 (6th Cir. 2026); <u>Santillan Quiroz</u> v. <u>Mullin</u>, 2026 WL 1876709, at *17 (10th Cir. June 30, 2026).

But this circuit split indicates that the Respondents' position was sufficiently justified. <u>See</u> <u>Pierce</u>, 487 U.S. at 565; <u>see also</u> <u>Hanover Potato Prods., Inc.</u> v. <u>Shalala</u>, 989 F.2d 123, 131 (3d Cir. 1993) (holding that it is not "unjustified for [the Respondents] to assert a position in one court merely because [that position] has been rejected in another").

*    *    *

The Petitioner also presses a <u>second</u> argument for fees.

She contends that, given her medical situation and the unavailability in detention of the medication she needed --- the

---

[3]  8 U.S.C. § 1225(b)(2).

Respondents were not substantially justified in contesting her release for medical treatment. See Petitioner's Brief at 8.

As to this, the Respondents say nothing. See Opposition to Motion for EAJA Fees ("Respondents' Brief") (ECF 34) at 3-6 (focusing on defending ICE's decision to detain the Petitioner under Section 1225(b) and the decisions from the Fifth Circuit, Eighth Circuit, and BIA supporting their position).

They have not attempted to carry their burden. See Michelin, 169 F.4th at 433.

*    *    *

In light of all this, there is weight on each side of the scale.[4] The Respondents' approach was "substantially justified" in one aspect. But not in the other.

Whether an award of EAJA fees is appropriate in this circumstance is a question neither party meaningfully takes on in their briefing. See generally Hanover Potato Prods., 989 F.2d at 131 (noting that individual government arguments must be evaluated to determine if they are substantially justified so as to "determine whether, as a whole, the Government's position was

---

[4]  Two points here. First, "substantial justification on the part of the Government in opposing one of the plaintiff's claims does not render its position substantially justified as to all of its other claims." Hanover Potato Prods., 989 F.3d at 131 (emphasis omitted). So the fact that the Respondents were substantially justified as to one position does not mean they were substantially justified across the board. See id.; see also, e.g., Goldhaber v. Foley, 698 F.2d 193, 197 (3d Cir. 1983). Second, the Respondents argue that "special circumstances render a fee award under [the] EAJA inappropriate" here. Respondents' Brief at 6 (quoting 28 U.S.C. § 2412(d)(1)(A)) (cleaned up). In support of this, they cite Taylor v. United States, 815 F.2d 249 (3d Cir. 1987), for the idea that EAJA fees should not be employed in a way that "deter[s]" the Government "from advancing in good faith . . . novel but credible extensions of the law." Respondents' Brief at 6 (internal quotation marks omitted) (quoting Taylor, 815 F.3d at 252). But as to the Petitioner's request for immediate release based on medical concerns --- the Respondents have not made any arguments that purport to fit that into this "novel but credible" category.

5

substantially justified") (emphasis in original); cf. Baeder v. Heckler, 826 F.2d 1345, 1347 (3d Cir. 1987).

They will be given a chance to do so, on a schedule to be set in a separate order.

IT IS on this 23rd day of July, 2026, **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.